# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Emanuel Burnett Johnson,           ) | |
|                                    ) | |
|         Plaintiff,                 ) | Case No. 6:22-cv-4180-TMC |
|                                    ) | |
| vs.                                ) | |
|                                    ) | **ORDER** |
|                                    ) | |
| Beth Lawson, Karen, Corporal Bishop,) | |
| Officer Walker, Corporal Collier, Jamie ) | |
| Watson, Jennifer,                  ) | |
|                                    ) | |
|         Defendants.                ) | |
|                                    ) | |

Plaintiff Emanuel Burnett Johnson, a state pretrial detainee proceeding *pro se* and *in forma pauperis*, brought this action against the Defendants pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. After reviewing the initial complaint, the magistrate judge issued an order notifying Plaintiff that the action was subject to summary dismissal for failure to state a viable claim for relief unless Plaintiff cured the specified defects in an amended complaint. (ECF No. 13). Plaintiff was warned that the failure to cure said defects would result in a recommendation of dismissal to this court. *Id*. at 7–8. Plaintiff subsequently filed an amended complaint under § 1983, alleging that Defendants abridged his Fourteenth Amendment rights by failing to provide his necessary blood pressure medicine for one week after he was processed into the J. Reuben Long Detention Center and that, when he finally was given blood pressure medicine, the medicine prescribed—Lisinopril—was not appropriate for him and caused him to suffer side effects. (ECF No. 18 at 6–10).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), reviewing the amended complaint pursuant to the *in forma pauperis* statute, 28 U.S.C. §§ 1915, 1915A, and concluding that Plaintiff failed to state a claim upon which relief could be granted despite having been afforded a chance to cure the deficiencies in the original complaint. (ECF No. 22). The Report explains, in pertinent part, as follows:

> The plaintiff alleges that he was denied appropriate medical care because he was not provided blood pressure medicine for one week after being incarcerated at the Detention Center and that he was then provided medicine that was not appropriate for him as an African American – Lisinopril (doc. 18 at 6–10). The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The government is required to provide medical care for incarcerated individuals. *Id*. at 103. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994).
>
> In order to state a claim, a plaintiff must show a serious medical need as well as that the defendant "knowingly disregarded that need and the substantial risk it posed." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *King v. Rubenstein*, 825 F.3d 206, 218–20 (4th Cir. 2016); *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–11 (4th Cir. 2017)). A "serious medical need" is a condition "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer*, 849 F.3d at 210 (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier*, 896 F.2d at 851–52 (citation omitted). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice does not violate the Eighth Amendment. *Id*. Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985).

> Here, the plaintiff alleges that he was denied blood pressure medicine upon incarceration at the Detention Center as well as that he was later prescribed an inappropriate medicine to treat his blood pressure (see doc. 18). As an initial matter, the plaintiff's allegation that he hurt his back when he fell and that he suffers from high blood pressure do not meet the standard of serious medical needs. *Heyer*, 849 F.3d at 210. Moreover, the plaintiff's allegations indicate that his blood pressure was being monitored by the defendants at the Detention Center and that once it was clear he required blood pressure medication, he was provided Lisinopril (doc. 18 at 6–10). As such, the plaintiff's allegations of deliberate indifference to medical needs are based on his preference for different treatment than he was provided; however, the plaintiff is not constitutionally entitled to the treatment of his choice. *See Sharpe v. S.C. Dep't of Corrs.*, 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished per curiam opinion) (noting that "mere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief" under § 1983 (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975))). Additionally, the plaintiff's assertions that the defendants should not have prescribed him Lisinopril based on his race appear, at best, to allege negligence by the defendants – especially since the plaintiff has not alleged that medical professionals are prohibited from prescribing Lisinopril for individuals of his race and his amended complaint concedes that the defendants continued monitoring his condition and providing treatment as appropriate. *See Estelle*, 429 U.S. at 106 (noting that mere negligence or malpractice does not violate the Eighth Amendment); *see also Daniels v. Williams*, 474 U.S. 327, 328–36 & n.3 (1986); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995). Indeed, questions or mistakes "of medical judgment are not subject to judicial review" in a § 1983 action. *See Russell v. Sheffer*, 528 F.2d 318, 318–19 (4th Cir. 1975) (internal citation omitted). The plaintiff also requests relief this court cannot grant – seeking an order instructing the defendants to never prescribe him Lisinopril and to provide him with his treatment of choice (doc. 18 at 13–14). *See Meachum v. Fano*, 427 U.S. 215, 228–29 (1976) (noting that "the federal courts do not sit to supervise state prisons"). As such, the plaintiff's medical indifference claim is subject to summary dismissal.

*Id*. at 5–7. Accordingly, the magistrate judge recommended the court dismiss this action with prejudice, without further leave to amend, and without issuance and service of process. *Id*. at 8. Plaintiff filed objections to the Report. (ECF No. 24). The matter is ripe for review.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific

objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v.*

4

*Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

**Discussion**

In his objections, Plaintiff essentially repeats the allegations set forth in his amended complaint. (ECF No. 24). Plaintiff fails, however, to identify any error in the magistrate judge's application of the proper standard in this case—deliberate indifference to serious medical needs. As explained in the Report, Plaintiff's allegations, even taking them as true, reflect that Plaintiff's blood pressure was being monitored and that he was eventually prescribed blood pressure medicine. (ECF No. 22 at 6). As the Report notes, Plaintiff's deliberate indifference claim boils down to his "preference for different treatment." *Id*. Plaintiff takes issue with the magistrate judge's use of the term "preference," arguing that his insistence that he be provided a medication other than Lisinopril is not merely a preference but an urgent medical need. (ECF No. 24 at 4). Plaintiff misses the point, however; in order to allege a constitutional deprivation, he must allege more than a mere disagreement with the prison medical staff. (ECF No. 22 at 6 (citing *Sharpe*, 621 F. App'x at 733)). As stated by the magistrate judge, "[m]ere negligence or malpractice does not violate the Eighth Amendment." *See id*. Whether or not Plaintiff has some means of redress under state law is not before the court; on these allegations, Plaintiff cannot seek relief under § 1983. This objection is overruled.

Plaintiff further objects to the magistrate judge's application of Eleventh Amendment Immunity. (ECF No. 24 at 5). The court overrules this objection as well. None of the magistrate

5

judge's findings, conclusions or recommendations are based on Eleventh Amendment Immunity. The statutory language Plaintiff quotes in support of this objection, *see id*., is from 28 U.S.C. §§ 1915(e)(2), 1915A, and is derived from the federal statutes requiring screening of actions brought *in forma pauperis* or brought by prisoners "seek[ing] redress from a[n] . . . officer or employee of a governmental entity" and permitting *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  *See* (ECF No. 22 at 3).

The court has thoroughly reviewed the Report of the magistrate judge (ECF No. 22) and has carefully considered each of Plaintiff's objections (ECF No. 24).  The court agrees with and **ADOPTS** the Report (ECF No. 22) and incorporates herein its analysis, conclusions and recommendations.  Accordingly, having found no error in the Report, the court finds no reason to deviate from the Report's recommended disposition.  Therefore, this action is hereby **DISMISSED with prejudice**, without further leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 28, 2024

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.